IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLVANIA

| | |
|---|---|
| SUZANNE GIRARDIN and DAVID GIRARDIN, h/w<br>41 Town Line Blvd.<br>Franklin, CT 06254<br><br>                    Plaintiff,<br>      v.<br><br>OTTO CELI<br>1939 Bermuda Pointe Dr.<br>Haines City, FL 33844<br><br>O. CELI & SONS TRUCKING LLC<br>1939 Bermuda Point Dr.<br>Haines City, FL 33844<br><br>MANAS EXPRESS CORP d/b/a MANAS EXPRESS<br>970 S. Lake St.<br>Aurora, IL 60506<br>                    Defendants. | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COME the Plaintiffs, Suzanne and David Girardin, by and through their counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complain against the above-named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Suzanne Girardin (hereinafter "Plaintiff") is an adult individual who resides at 41 Town Line Blvd., Franklin, CT 06254.

2. The Plaintiff, David Girardin is an adult individual who resides at 41 Town Line Blvd., Franklin, CT 06254.

3. The Defendant, Otto Celli (hereinafter "Defendant") is an adult individual who resides at 1939 Bermuda Pointe Dr., Haines City, FL 33844.

4. The Defendant, O. Celi & Sons Trucking LLC (hereinafter "OCST") is a Florida business entity with a registered address at 1939 Bermuda Point Dr., Haines City, FL 33844.

5. The Defendant, Manas Express Corp d/b/a Manas Express (hereinafter "MEC"), identified on the police report as the DOT number the Defendant was driving under, is an Illinois Business Entity with a registered address at 970 S. Lake St., Aurora, IL 60506.

6. At all relevant times, the Defendant was the agent, servant, workman and/or employee of OCST and/or MEC, and was operating a tractor trailer in the course and scope of his employment.

7. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 as the Plaintiff is a citizen of Connecticut, the Defendant is a citizen of Florida, OCST's principal place of business is Florida, MEC's principal place of business is Illinois, the crash took place in Chester County, and the amount in controversy exceeds $150,000.

## FACTUAL BACKGROUND

8. On April 14, 2024, at approximately 1:40 p.m., the Plaintiff was traveling west on I-76 in the left lane in Tredyffrin Township, Chester County.

9. On the same date, place and time, the Defendant was traveling west on I-76 in the right lane.

10. Without warning, the Defendant attempted to merge into the left lane striking the Plaintiff's vehicle.

11. After striking the Plaintiff's vehicle, the Defendant moved back into the right lane and continued to drive away, ultimately trying to exit I-76.

12. An off duty police officer happened to be traveling behind the Plaintiff and witnessed the crash, and pulled the Defendant over on the deceleration ramp of I-76.

13. The force of the impact pushed the Plaintiff into the jersey barrier crushing her vehicle.

14. As a result of the impact, the Plaintiff suffered serious injuries to her neck, shoulder, elbow and back.

15. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to her injuries or damages.

**COUNT I**
**NEGLIGENCE**
**SUZANNE GIRARDIN v. OTTO CELI**

16. The preceding paragraphs are incorporated herein by reference as though fully set forth.

17. The negligence of the Defendant, individually and as the agent, servant, worker and/or employee of OCST and/or MEC, consisted of the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while operating his tractor trailer;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    f. Failing to remain alert; and

    g. Failing to maintain his lane of travel.

18. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff suffered the following injuries:

    a. Left elbow injury requiring surgery;

    b. Neck injury;

    c. Shoulder injury; and

    d. Chest injury.

19. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

20. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

21. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

22. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

23. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

24. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future including a workers compensation lien.

25. As a result of the aforesaid injuries, the Plaintiff has sustained scarring and disfigurement.

26. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of her earning capacity / potential.

**WHEREFORE**, the Plaintiff, Suzanne Girardin, hereby seeks damages from the Defendant, Otto Celi, in an amount in excess of $150,000.00.

## COUNT II
## NEGLIGENCE
## SUZANNE GIRARDIN v. O. CELI & SONS TRUCKING LLC & MANAS EXPRESS CORP d/b/a MANAS EXPRESS, as being vicariously liable for Otto Celi

27. The preceding paragraphs are incorporated herein by reference as though fully set forth.

28. The negligence of OCST and/or MEC, as being vicariously liable for the actions of Otto Celi, consisted of the following:

    a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while operating his tractor trailer;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    f. Failing to remain alert;

    g. Failing to maintain his lane of travel.

29. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Suzanne Girardin, hereby seeks damages from the Defendants, O. Celi & Sons Trucking LLC and Manas Express Corp d/b/a Manas Express, as being vicariously liable for Otto Celi, in an amount in excess of $150,000.00.

## COUNT III
## NEGLIGENT HIRING / SUPERVISION / RETENTION
## <u>SUZANNE GIRARDIN v. O. CELI & SONS TRUCKING LLC and MANAS EXPRESS CORP d/b/a MANAS EXPRESS</u>

30. The preceding paragraphs are incorporated herein by reference as though fully set forth.

31. OCST and/or MEC had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

32. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

33. The negligence of OCST and/or MEC, individually and through its various employees, servants, agents and/or workers including, but not limited to Otto Celi, consisted of, but is not limited to the following:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

    b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

    c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    d. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

    e. Hiring and/or continuing to employ the Defendant despite his previous driving record;

    f. Failing to properly monitor the speeds of its drivers;

    g. Failing to properly discipline drivers to curb the excessive speeding;

    h. Failing to properly train drivers on the hours of service;

    i. Failing to properly train drivers on how to correctly fill out logs;

    j. Failing to monitor cell phone use of its drivers;

    k. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the FMCSR as sworn to in their OP-1;

    l. Failing to implement and/or enforce an effective safety system;

    m. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

    n. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

    o. Failing to monitor and/or regulate its drivers' actions;

    p. Failing to monitor and/or regulate its drivers' hours;

    q. Failing to monitor and/or regulate speed at which the drivers drove;

    r. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

    s. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

    t. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

    u. Failing to have a policy or mechanism in place to address excessive speed in hazardous conditions;

    v. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

    w. Failing to act upon and remedy known violations of FMCSA regulation 395.

34. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Suzanne Girardin, hereby seeks damages from the Defendants, O. Celi & Sons Trucking LLC and Manas Express Corp d/b/a Manas Express in an amount in excess of $150,000.00.

## COUNT IV
## LOSS OF CONSORTIUM
## <u>DAVID GIRARDIN v. ALL DEFENDANTS</u>

35. The preceding paragraphs are incorporated herein by reference as though fully set forth.

36. As a result of the negligence of the Defendants, and as a further result of the injuries sustained by the Plaintiff, David Girardin has lost and is continuing to lose the companionship, society and services of his wife, and will continue to lose such society and services for an indefinite time into the future.

**WHEREFORE**, the Plaintiff, David Girardin, hereby seeks damages from all Defendants, in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY:   */s/ K. Clancy Boylan*
KEVIN CLANCY BOYLAN, ESQUIRE
Pa ID# 314117
Morgan & Morgan Philadelphia PLLC
603 Stanwix St., Ste. 1825
Pittsburgh, PA 15222
Attorney for the Plaintiffs